[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-13079
Non-Argument Calendar

_____

D.C. Docket No. 2:12-cr-00204-MEF-CSC-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANDREW MILTON WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(May 19, 2015)

Before MARCUS, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Andrew Williams appeals his 48-month total sentence, imposed after he

pleaded guilty to conspiracy to commit bank and wire fraud, in violation of 18

U.S.C. § 1349, and bank fraud, in violation of 18 U.S.C. § 1344.  On appeal,

Williams argues that: (1) his sentence was procedurally unreasonable because the district court based its denial of a downward departure for diminished capacity on an incorrect legal standard and a clearly erroneous fact; and (2) his sentence was substantively unreasonable because the district court relied on impermissible factors and improperly weighed the evidence of diminished capacity. After thorough review, we affirm.

We review de novo our subject matter jurisdiction. United States v. Winingear, 422 F.3d 1241, 1245 (11th Cir. 2005). We review the sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 551 U.S. 338, 351 (2007)).

For starters, we lack jurisdiction to review Williams's challenge to his sentence for procedural unreasonableness. Under our clear law, we have no jurisdiction to review a district court's discretionary refusal to grant a downward departure under the Sentencing Guidelines, unless the district court incorrectly believed that it lacked the authority to depart from the guideline range. United States v. Dudley, 463 F.3d 1221, 1228 (11th Cir. 2006). Further, we will assume that the sentencing court properly understood its authority absent a record indication to the contrary. Id.

2

The record here shows that the district court understood that it had the authority to grant the downward departure that Williams requested. The district court listened to arguments for and against the departure, listened to and questioned Williams's witness, and thoroughly explained why it was not granting the departure. Williams does not provide us with any relevant authority that otherwise grants us jurisdiction in the context of the denial of a downward departure. Therefore, we lack jurisdiction to review the denial of a downward departure to Williams.

We also reject Williams's claim that his sentence is substantively unreasonable. In reviewing the "'substantive reasonableness of [a] sentence imposed under an abuse-of-discretion standard,'" we consider the "'totality of the circumstances.'" Pugh, 515 F.3d at 1190 (quoting Gall, 552 U .S. at 51). The district court must impose a sentence "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a).[1] "[W]e will not second guess the weight (or lack thereof) that the [court] accorded to a given [§ 3553(a)] factor ... as long as the sentence ultimately imposed is reasonable in light of all the

---

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

circumstances presented." United States v. Snipes, 611 F.3d 855, 872 (11th Cir. 2010) (quotation, alteration and emphasis omitted). Thus, while the district court must evaluate all of the § 3553(a) factors, it may "attach great weight to one factor over others." United States v. Shaw, 560 F.3d 1230, 1237 (11th Cir. 2009) (quotation omitted). We will not reweigh the relevant § 3553(a) factors, and will not remand for resentencing unless the district court committed a clear error of judgment in weighing the § 3553(a) factors by imposing a sentence outside the range of reasonable sentences. United States v. Langston, 590 F.3d 1226, 1237 (11th Cir. 2009).

The party challenging the sentence bears the burden to show it is unreasonable. United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010). While we do not automatically presume a sentence falling within the guideline range to be reasonable, we ordinarily expect that sentence to be reasonable. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). A sentence imposed well below the statutory maximum penalty is another indicator of reasonableness. United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008).

In this case, Williams's total sentence of 48 months' imprisonment was within his applicable guideline range and well below the possible total sentence of 30 years. Moreover, Williams's intelligence, college degree, and technical skills were appropriate factors for the district court to consider under the § 3553(a) factor

concerning the history and characteristics of the defendant.  See 18 U.S.C. § 3553(a)(1).  Williams's claim that those factors should not have been used to "negate" his post-traumatic stress disorder ("PTSD") is an argument about the denial of his motion for downward departure, and, as discussed above, we lack jurisdiction to review the denial of a downward departure.  Dudley, 463 F.3d at 1228.  To the extent Williams argues that the district court unreasonably balanced his intelligence, education, and skills against his PTSD, he has not shown why his 48-month total sentence is outside the range of reasonable sentences in light of all the circumstances in his case.  As for Williams's argument that the district court relied on an erroneous fact, the record as a whole reflects that the district court understood the timeline of Williams running a radiology business, losing that business, committing his crimes, obtaining treatment for his PTSD, and securing a stable job.  In sum, Williams has not met his burden to show that his sentence was unreasonable in light of the record and § 3553(a).

**AFFIRMED**.